# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1764 | **DATE** | 3/11/2004 |
| **CASE TITLE** | Chicago District council, et al. vs. Convey or Store, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting in part and denying in part defendant's motion for summary judgment. The motion is granted as to funds allegedly owed for the 2001-2005 contractual period and otherwise denied. Discovery is ordered closed on 6/25/04. Pretrial order will be due by 7/26/04; and response to any motions in limine by 8/9/04. Trial set for 9/7/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | **3** number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | |
| ✈ | Docketing to mail notices. | docketing deputy initials | **21** |
| | Mail AO 450 form. | 3/11/04 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| MPJ | courtroom deputy's initials | mailing deputy initials | |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO DISTRICT COUNCIL OF            )
CARPENTERS PENSION FUND, et al.,       )
                                       )
          Plaintiffs,                  )
                                       )
     v.                                )     No.  03 C 1764
                                       )
CONVEY OR STORE, INC.,                 )
                                       )
          Defendant.                   )

## MEMORANDUM OPINION AND ORDER

In 1991, defendant Convey or Store, Inc. ("Convey"), an
employer, entered into a pre-hire agreement with the Chicago and
Northeast Illinois District Council of Carpenters ("Union") covered
by section 8(f) of the Taft-Hartley Act, 29 U.S.C. § 158(f). That
provision permits construction industry employers and unions to
sign collective bargaining agreements even though the union may not
represent a majority of the employer's employees. The agreement
established that Convey would be bound by "area agreements" between
the union and certain employers' associations. The agreement was
self-renewing and provided that Convey would be bound by each
successor area agreement unless it provided written notice to the
union three months prior to the expiration of the current
agreement.

The parties agree that the agreement was in effect during the
first half of 1998, and that it was due to expire on June 1, 1998.
They further agree that in the absence of repudiation, the

21

agreement would have been renewed for the period of June 1, 1998 to June 1, 2001. On June 1, 1998, Convey mailed a written repudiation of the agreement to the union and defendant Chicago District Council of Carpenters Pension Fund ("Fund"). At that time, it ceased to make monthly contributions to the fund. On June 30, 1999, the Fund sued Convey, alleging that it failed to make certain contributions between January 1997 and the date of the complaint. In June 2000, the parties to that case reached a settlement agreement whereby Convey paid $84,228.05 to the Fund but expressly denied liability. The parties agree that Convey paid no further amounts to the funds.

Plaintiff Fund now sues Convey under § 502 of ERISA and Section 301 of the Taft-Hartley Act seeking contributions allegedly owed for the period between October 1, 1999 and December 31, 2001. The Fund argues that Convey's failure to provide written notice of repudiation three months prior to the expiration/renewal date of June 1, 1998 means that Convey agreed to renew the relationship for another three years. Similarly, they argue that Convey failed to provide such notice three months prior to the subsequent expiration/renewal date of June 1, 2001, and therefore is bound to the agreement until May 31, 2005. Convey moves for summary judgment. I grant the motion in part and deny it in part.

The June 1, 1998 repudiation was not an effective repudiation of the 1998-2001 agreement. The agreement had already been renewed

2

three months prior to that date by Convey's silence. Therefore, what, if anything, Convey owes for the 1998-2001 period is a question of fact that cannot be resolved on summary judgment. However, that 1998 repudiation was effective as to the 2001-2005 contractual period, as it indisputably occurred more than three months prior to the second renewal date of June 1, 2001. Therefore, Convey's motion for summary judgment is GRANTED as to funds allegedly owed for the 2001-2005 contractual period and otherwise DENIED.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated:    March 11 , 2004